UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BURNEY AND KATHERINE F. BURNEY, AS TRUSTEES OF THE BURNEY FAMILY TRUST DATED MAY 29, 1990,<br><br>    Plaintiffs,<br><br>    v.<br><br>SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>    Defendant. | No. 2:13-cv-02586-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

James Burney and Katherine F. Burney, as Trustees of the Burney Family Trust, (collectively "Plaintiffs") initiated this action against the Secretary of the United States Department of the Interior ("Defendant") alleging they are entitled to recovery for deprivation of property without just compensation in violation of the Fifth Amendment and for violation of their rights to equal protection under the Fourteenth Amendment. Presently before the Court is Defendant's Motion to Dismiss for lack of subject matter jurisdiction. For the following reasons, Defendant's Motion is GRANTED with leave to amend.[1]

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

# BACKGROUND[2]

Plaintiffs are owners of 580 acres of commercial property known at the Blue Heron RV Park along the Klamath River in Hornbrook, California ("Property").  Plaintiffs claim that the Property has been substantially improved with a restaurant, recreational vehicle park, residence, barns and out buildings, domestic water wells, a septic system and related improvements.  Plaintiffs allege Defendant has entered into two separate agreements with multiple parties which provide in part for the removal of four hydroelectric dams on the Klamath River upstream from Plaintiffs' Property.  According to Plaintiffs' Complaint, the terms of these agreements are posted online and have been distributed to the media and the general public.

The root of Plaintiffs' claim is that the removal of the dams under the terms of the agreements will result in damage to the Property because sediment deposits will be transported downstream and will change the features and character of the surrounding land.  Plaintiffs also allege that the publication and distribution of the future plan has stigmatized the Property and as a result has substantially diminished its value.  Plaintiffs claim that the Property's value is dependent upon the character and area of the surrounding features and that the removal of the lake front areas upstream and of the river access deprives the Plaintiffs of property without just compensation in violation of the Fifth Amendment.  Plaintiffs also allege they have been denied equal protection of the laws in violation of the Fourteenth Amendment.[3]

///

///

///

---

[2] The following recitation of facts is taken, sometimes verbatim, from Plaintiffs' Complaint.  ECF No. 1.

[3] The Court will construe this latter claim, which is directed at a federal Defendant, as having been brought under the Fifth Amendment as opposed to the Fourteenth Amendment.  See Consejo de Desarrollo Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1171 n.4 (9th Cir. 2007).

**STANDARD**

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).[4] Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack, and a factual attack. Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings. Id.

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the motion to dismiss constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true, and determine whether they establish subject matter jurisdiction. Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject matter jurisdiction. Id.

---

[4] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

However, in the case of a facial attack, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air for Everyone, 373 F.3d at 1039.

In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations." Thornill, 594 F.2d at 733 (internal citation omitted). The party opposing the motion has the burden of proving that subject matter jurisdiction does exist, and must present any necessary evidence to satisfy this burden. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). If the plaintiff's allegations of jurisdictional facts are challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the mere assertion that factual issues may exist. Trentacosta v. Frontier Pac. Aircraft Ind., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)). Furthermore, the district court may review any evidence necessary, including affidavits and testimony, in order to determine whether subject matter jurisdiction exists. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); Thornhill, 594 F.2d at 733. If the nonmoving party fails to meet its burden and the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group,

Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005)); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

Defendant moves to dismiss Plaintiffs' claims, which appear to be set forth under the Takings Clause and the Equal Protection Clause, for lack of subject matter jurisdiction. More specifically, Defendant argues that because Plaintiffs seek to recover well in excess of $10,000 in damages, Plaintiffs' takings claim falls within the exclusive jurisdiction of the United States Court of Federal Claims. See ECF No. 7 at 6-7 (citing 28 U.S.C. § 1491(a)(1); 28 U.S.C. § 1346(a)(2)). Similarly, any equal protection claim is barred because "the United States has not waived its sovereign immunity from constitutional damage claims." ECF No. 7 at 10 (citing Rivera v. United States, 924 F.2d 948, 951 (9th Cir. 1991)).

In opposition, Plaintiffs ignore Defendant's above contentions and argue only that "[a]lthough, perhaps, it is not pleaded as clearly as it could be pleaded, Plaintiffs' claim is a 'Bivens' tort claim under 42 U.S.C. § 1983 because defendant – an employee of the United States – has denied Plaintiffs rights and privileges guaranteed them by the laws of the United States, while acting in her official capacity as Secretary and, at all times, under color of law." ECF No. 8 at 2.[5] The Court construes Plaintiffs' response as a statement of non-opposition to the dismissal of any claims based on the Takings Clause or the Equal Protection Clause. Defendant's Motion is thus GRANTED with leave to amend as to those causes of action.

///

---

[5] The Court construes Plaintiffs' reference to Bivens to refer to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Moreover, Plaintiffs' argument that the Complaint should instead be construed to allege a <u>Bivens</u> or a 1983 claim is not well taken.  "[A]t best, a liberal reading of the Complaint suggests Plaintiffs intended to raise a takings claim brought pursuant to the Fifth Amendment and, possibly, an equal protection claim brought pursuant to the Fourteenth Amendment."  ECF No. 9 at 4.  Plaintiffs' Complaint does not mention <u>Bivens</u> or present any facts showing tortious conduct on behalf of Defendant.

Even if the Court did construe Plaintiffs' Complaint to set forth some sort of cause of action under § 1983 or pursuant to <u>Bivens</u>, however, that claim would still fail.  "[B]y its very terms, § 1983 precludes liability in federal government actors."  <u>Morse v. N. Coast Opportunities, Inc.</u>, 118 F.3d 1338, 1343 (9th Cir. 1997).  Similarly, "no <u>Bivens</u> like cause of action is available against federal agencies or federal agents sued in their official capacities."  <u>Ibrahim v. Dep't of Homeland Sec.</u>, 538 F.3d 1250, 1257 (9th Cir. 2008).  Accordingly, these claims are DISMISSED as well.

**CONCLUSION**

As set forth above, Defendant's Motion to Dismiss (ECF No. 7) is GRANTED with leave to amend.  Plaintiff may, but is not required to, file an amended complaint.  If no amended complaint is filed within twenty (20) days of the date this Order is electronically filed, the causes of action dismissed by virtue of this Order shall be dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

**DATED:  MAY 28, 2014**

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT