UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BURNEY AND KATHERINE F. BURNEY, AS TRUSTEES OF THE BURNEY FAMILY TRUST DATED MAY 29, 1990,<br><br>Plaintiffs,<br><br>v.<br><br>SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>Defendants. | No. 2:13-CV-02586-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Plaintiffs James Burney and Katherine F. Burney, as Trustees of the Burney Family Trust, (collectively "Plaintiffs") originally initiated this action against the Secretary of the United States Department of the Interior ("Defendant") on December 13, 2013. ECF No. 1. Plaintiffs alleged they were entitled to monetary compensation for violations of their rights under the Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment. Id. The Court dismissed the original Complaint with leave to amend. ECF No. 11. Plaintiffs then filed a First Amended Complaint ("FAC"), once again alleging a violation of the Fifth Amendment, but this time seeking only injunctive relief that would restrain Defendant from publishing "stigmatizing or damaging" information pertaining to the Plaintiffs' property until removal of the dams has been

authorized and approved. ECF No. 12. Presently before the Court is Defendant's Motion to Dismiss the FAC for lack of subject matter jurisdiction and for failure to state a claim upon which injunctive relief can be granted. For the following reasons, Defendant's Motion is GRANTED, and Plaintiffs are given one final chance to amend their Complaint.[1]

## BACKGROUND[2]

Plaintiffs are the owners of approximately 580 acres of property, commonly known as Blue Heron RV Park, ("Property") that fronts on and is contiguous with the Klamath River. There are four hydroelectric dams on the Klamath River upstream from Plaintiffs' Property. Plaintiffs claim that construction of the dams created lakes and contributed positively to the character and value of surrounding properties. According to Plaintiffs, their Property derives substantial value from its location on the frontage of the Klamath River, the proximity to the lakes upstream of the dams, the lakeside community, and the public's attraction to water-related activities and recreational opportunities. Moreover, Plaintiffs contend that they have spent substantial sums improving the Property by constructing various structures, including a restaurant, residential buildings, roads, and other utilities on the Property. Plaintiffs also allege that they derive substantial income from the improvements constructed on their Property and that the value of the Property is dependent upon the character of the area, features, and activities associated with the Klamath River and lakes.

According to Plaintiffs' FAC, Defendant has entered into two written agreements which provide for, among other things, the potential removal of the four dams and for the

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g). See ECF No. 19.

[2] The following recitation of facts is taken, sometimes verbatim, from Plaintiffs' FAC. ECF No. 12.

draining the lakes. Plaintiffs assert that these agreements have been published, posted on the Internet, and distributed by Defendant to the media and public and that, consequently, there has been substantial publicity and coverage about the planned removal of the dams. More specifically, Plaintiffs contend that Defendant has prepared and distributed reports indicating that, if the dams are removed, Plaintiffs' Property will face a substantially increased risk of flooding and that some of the sediment, which has accumulated behind the dams and which contains toxic and hazardous substances, will be transported downstream onto the Property.

As a result, Plaintiffs claim that their Property has been stigmatized and that the publications have damaged the Property's reputation and diminished its value, thus causing Plaintiffs irreparable harm. Plaintiffs contend Defendant's conduct rises to the level of an uncompensated taking of Plaintiffs' Property in violation of the Fifth Amendment, and they seek to permanently restrain Defendant from continuing to publish damaging and stigmatizing information about the removal of the dams until removal is authorized, approved, and reasonably probable to occur.

## STANDARD

**A.   Motion to Dismiss for Lack of Subject Matter Jurisdiction under Federal Rule of Civil Procedure 12(b)(1)[3]**

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at

---

[3] Unless otherwise stated, all further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

3

any point during the litigation, through a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009). Lack of subject matter jurisdiction may also be raised by the district court sua sponte. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Id.; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack and a factual attack. Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings. Id.

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the motion to dismiss constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true, and determine whether they establish subject matter jurisdiction. Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject matter jurisdiction. Id. However, in the case of a facial attack, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air for Everyone, 373 F.3d at 1039.

In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations." Thornill, 594 F.2d at 733 (internal citation omitted). The party opposing the motion has the burden of proving that subject matter jurisdiction does exist, and must

present any necessary evidence to satisfy this burden.  St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).  If the plaintiff's allegations of jurisdictional facts are challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the mere assertion that factual issues may exist.  Trentacosta v. Frontier Pac. Aircraft Ind., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)).  Furthermore, the district court may review any evidence necessary, including affidavits and testimony, in order to determine whether subject matter jurisdiction exists.  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); Thornhill, 594 F.2d at 733.  If the nonmoving party fails to meet its burden and the court determines that it lacks subject matter jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).

**B.    Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)

(stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

**C.    Leave to amend**

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

Defendant moves to dismiss Plaintiffs' Fifth Amendment Takings Claim for lack of subject matter jurisdiction.  More specifically, Defendant argues that, under the Tucker Act and the Little Tucker Act, district courts have jurisdiction over takings claims only if the plaintiff seeks $10,000 or less in compensation, while the Court of Federal Claims has jurisdiction over the remaining claims.  ECF No. 13 at 7 (citing 28 U.S.C. § 1491(a)(1); 28 U.S.C. § 1346(a)(2)).  Defendant further argues that jurisdiction for takings claims under the Tucker Act is limited to monetary relief, and equitable relief is not authorized.  See ECF No. 13 at (citing Richardson v. Morris, 409 U.S. 464, 465 (1973)).  Defendant is correct, and, to the extent the Complaint may be construed as seeking injunctive relief for a Takings Claim, the Motion is GRANTED with leave to amend.

In opposition, Plaintiffs tacitly concede this point, arguing instead only that they are seeking relief pursuant to the Administrative Procedures Act ("APA").  See ECF No. 15.  This argument is not well-taken.  The Amended Complaint is devoid of any factual assertions going to unlawful agency action, let alone final agency action.  Bennett v. Spear, 520 U.S. 154, 177 (1997) (only final agency action is subject to judicial review under the APA).  Dismissal is thus appropriate.

Regardless, even if Plaintiffs had adequately set forth an APA claim and alleged a basis for the Government's waiver of sovereign immunity, they still cannot show that they are entitled to equitable relief when their injuries could be adequately remedied with monetary compensation in the appropriate court (i.e., a takings claim brought in a court with subject matter jurisdiction).  See Stop the Beach Renourishment, Inc. v. Fla. Dept. of Environmental Protection, 560 U.S. 702, 740-41 (2010) (citations omitted).  Indeed,

injunctive relief is not available where a monetary award would suffice because compensable injuries are not irreparable.  Cotter v. Desert Palace, Inc., 880 F.2d 1142, 1145 (9th Cir. 1989) (citations omitted); Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1202 (9th Cir. 1980) (lost revenue would be compensable by a damage award if plaintiff prevailed on the merits and therefore injury was not irreparable).  Accordingly, since Plaintiffs are free to pursue a takings claim and receive compensation in the appropriate court, they cannot show irreparable harm.  See Preseault v. I.C.C., 494 U.S. 1, 11-12, (1990) (The Tucker Act and Little Tucker Act provides jurisdiction for a claim to recover damages founded on the Constitution in the United States claims court and district courts, respectively).  Defendant's Motion to Dismiss is GRANTED with leave to amend.

## CONCLUSION

As set forth above, Defendant's Motion to Dismiss (ECF No. 13) is GRANTED, and Plaintiffs are given one final chance to amend.  Not later than twenty (20) days following the date this Order is electronically filed, Plaintiffs may (but are not required to) file an amended complaint.  If no amended complaint is timely filed, the causes of action dismissed by virtue of this Order shall be dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated:  October 2, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT